UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

1:08CV0150 JVB

| | | |
|---|---|---|
| MASTERSPAS, INC., | ) | CAUSE NO: _____ |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| MASTER POOL AND SPA CORP. and | ) | |
| ROSS ERICKSON, Individually | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT ON OPEN ACCOUNT
AND PERSONAL GUARANTY**

COMES NOW, the Plaintiff, MasterSpas, Inc. ("MasterSpas"), by counsel, and for its complaint against Master Pools and Spas Corp. ("MPS") and Ross Erickson ("Erickson"), states and alleges as follows:

**JURISDICTION AND VENUE**

1. MasterSpas is an Indiana corporation with its principal place of business located in Allen County, Indiana.

2. MPS is a Minnesota corporation with its principal place of business located in St. Louis Park, Minnesota.

3. Erickson is an individual and is a citizen of the state of Minnesota and is domiciled in the state of Minnesota.

4. Jurisdiction of this Court is proper under 28 U.S.C. § 1332(a)(1) in that there is complete diversity of citizenship of the parties and the amount in controversy is in excess of $75,000.00, exclusive of costs and interest.

5.  Venue is proper in this district court pursuant to 28 U.S.C. § 1391(a) and (c) in that MPS is deemed to reside in this judicial district, and Erickson and MPS have contractually conferred jurisdiction and venue in this judicial district.

6.  MasterSpas incorporates herein by reference rhetorical Paragraphs 1 through 5 of the Jurisdiction and Venue provisions of this Complaint.

7.  MasterSpas is a manufacturer of spas and related products.

8.  MPS is indebted to MasterSpas, on open account for products sold and delivered to MPS with a principal balance of Three Hundred Thousand Dollars ($305,723.87), as evidence by the account statements attached hereto and incorporated herein and marked as Exhibit A.

9.  On or about March 28, 2005, Erickson entered into a Personal Guaranty Agreement with MasterSpas guaranteeing all of the indebtedness and obligations of MPS. A copy of the Personal Guaranty Agreement is attached and marked as Exhibit B.

10.  The Personal Guaranty Agreement entered into between MasterSpas and Erickson provides for the payment of costs and attorney's fees and as such Erickson is obligated to reimburse MasterSpas for all reasonable attorney's fees and costs incurred in the prosecution of this matter.

11.  The principal indebtedness to MasterSpas in the principal amount of Three Hundred Thousand Dollars ($305,723.87) remains unpaid and continues to accrue interest at the statutory rate.

12.  MasterSpas has made demand upon the Defendants MPS and Erickson for payment of the overdue account balance and MPS and Erickson have at all times refused to remit payment.

13. On or about March 28, 2005, MPS and MasterSpas entered into a Security Agreement, a copy of which is attached and marked as Exhibit C, which provides that upon default of payment, MasterSpas is entitled to take possession of all collateral pledged as security and require MPS to reimburse MasterSpas for all costs and attorney's fees.

14. MPS has defaulted on its payments to MasterSpas and MasterSpas is entitled to foreclose on the security pledged in the Security Agreement.

WHEREFORE, MasterSpas demands judgment against the Defendant MPS in the principal amount of Three Hundred Thousand Dollars ($305,723.87), plus costs of this action, interest, reasonable attorney's fees; and judgment against Erickson in the principal amount of Three Hundred Thousand Dollars ($305,723.87), plus costs of this action, interest, reasonable attorney's fees; and an Order requiring MPS to deliver possession of all collateral to MasterSpas and allowing MasterSpas to liquidate all security, apply the proceeds to the payments of costs, interest, attorney's fees and principal indebtedness and for all other just and proper relief in the premises.

Respectfully submitted,

By: _____
Jon A. Bragalone     #3914-02
CARSON BOXBERGER LLP
Attorney for Plaintiff
1400 One Summit Square
Fort Wayne, IN  46802
Telephone: (260)423-9411
bragalone@carsonboxberger.com

F:\MasterSpas 21,070\Ross Erickson - 29\Complaint.doc

DIVISION NO: 00    NON RETAIL

| CUSTOMER/ INV DATE | INVOICE NO | INVOICE DUE DATE | DISCOUNT DUE DATE | DISCOUNT AMOUNT | BALANCE | CURRENT | 30 DAYS | 60 DAYS | 90 DAYS | 120 DAYS | DAYS DEL |
|---|---|---|---|---|---|---|---|---|---|---|---|
| MAST PL | Master Pool & Spa | | | CONTACT: | | PHONE: 952-543-0220 | | EXT: | | | |
| 11/08 | 0215785 - IN | 05/11/08 | | .00 | 15,873.38 | | 15,873.38 | | | | 20 |
| 11/08 | 0215786 - IN | 05/11/08 | | .00 | 3,520.00 | | 3,520.00 | | | | 20 |
| 11/08 | 0215787 - IN | 05/11/08 | | .00 | 3,520.00 | | 3,520.00 | | | | 20 |
| 11/08 | 0215788 - IN | 05/11/08 | | .00 | 2,670.00 | | 2,670.00 | | | | 20 |
| 11/08 | 0215789 - IN | 05/11/08 | | .00 | 5,320.00 | | 5,320.00 | | | | 20 |
| 11/08 | 0215790 - IN | 05/11/08 | | .00 | 3,715.00 | | 3,715.00 | | | | 20 |
| 11/08 | 0215791 - IN | 05/11/08 | | .00 | 7,140.00 | | 7,140.00 | | | | 20 |
| 11/08 | 0215792 - IN | 05/11/08 | | .00 | 4,330.00 | | 4,330.00 | | | | 20 |
| 11/08 | 0215793 - IN | 05/11/08 | | .00 | 4,900.00 | | 4,900.00 | | | | 20 |
| 11/08 | 0215794 - IN | 05/11/08 | | .00 | 7,310.00 | | 7,310.00 | | | | 20 |
| 14/08 | 0216029 - IN | 05/14/08 | | .00 | 16,045.00 | | 16,045.00 | | | | 17 |
| 14/08 | 0216030 - IN | 05/14/08 | | .00 | 16,045.00 | | 16,045.00 | | | | 17 |
| 14/08 | 0216031 - IN | 05/14/08 | | .00 | 16,045.00 | | 16,045.00 | | | | 17 |
| 15/08 | 0216106 - IN | 05/15/08 | | .00 | 288.77 | | 288.77 | | | | 16 |
| 16/08 | 0216436 - IN | 05/16/08 | | .00 | 326.00 | | 326.00 | | | | 15 |
| 16/08 | 0216474 - IN | 05/16/08 | | .00 | 8,456.90 | | 8,456.90 | | | | 15 |
| 16/08 | 0216475 - IN | 05/01/08 | | .00 | 1,705.05 | | 1,705.05 | | | | 30 |
| 21/08 | 0216974 - IN | 05/06/08 | | .00 | 11.56 | | 11.56 | | | | 25 |
| 23/08 | 0217060 - IN | 05/23/08 | | .00 | 573.10 | | 573.10 | | | | 8 |
| 23/08 | 0217160 - IN | 05/23/08 | | .00 | 2,950.00 | | 2,950.00 | | | | 8 |
| 23/08 | 0217161 - IN | 05/23/08 | | .00 | 4,350.00 | | 4,350.00 | | | | 8 |
| 23/08 | 0217162 - IN | 05/23/08 | | .00 | 4,750.00 | | 4,750.00 | | | | 8 |
| 23/08 | 0217163 - IN | 05/23/08 | | .00 | 4,100.00 | | 4,100.00 | | | | 8 |
| 23/08 | 0217164 - IN | 05/23/08 | | .00 | 5,000.00 | | 5,000.00 | | | | 8 |
| 23/08 | 0217165 - IN | 05/23/08 | | .00 | 4,350.00 | | 4,350.00 | | | | 8 |
| 23/08 | 0217166 - IN | 05/23/08 | | .00 | 3,485.00 | | 3,485.00 | | | | 8 |
| 23/08 | 0217167 - IN | 05/23/08 | | .00 | 3,840.00 | | 3,840.00 | | | | 8 |
| 23/08 | 0217168 - IN | 05/23/08 | | .00 | 3,840.00 | | 3,840.00 | | | | 8 |
| 23/08 | 0217169 - IN | 05/23/08 | | .00 | 3,840.00 | | 3,840.00 | | | | 8 |
| 23/08 | 0217170 - IN | 05/23/08 | | .00 | 5,780.00 | | 5,780.00 | | | | 8 |
| 23/08 | 0217171 - IN | 05/23/08 | | .00 | 3,840.00 | | 3,840.00 | | | | 8 |
| 23/08 | 0217172 - IN | 05/23/08 | | .00 | 482.00 | | 482.00 | | | | 8 |
| 23/08 | 0217173 - IN | 05/23/08 | | .00 | 2,185.00 | | 2,185.00 | | | | 8 |
| 29/08 | 0218201 - IN | 05/14/08 | | .00 | 77.38 | | 77.38 | | | | 17 |
| 30/08 | 0218539 - IN | 05/30/08 | | .00 | 195.00 | | 195.00 | | | | 1 |
| 30/08 | 0218545 - IN | 05/30/08 | | .00 | 3,485.00 | | 3,485.00 | | | | 1 |
| 30/08 | 0218547 - IN | 05/30/08 | | .00 | 7,140.00 | | 7,140.00 | | | | 1 |
| 30/08 | 0218551 - IN | 05/30/08 | | .00 | 3,920.00 | | 3,920.00 | | | | 1 |
| 01/08 | 0218635 - IN | 05/31/08 | | .00 | 3,290.00 | | 3,290.00 | | | | |
| 01/08 | 0218636 - IN | 05/31/08 | | .00 | 3,290.00 | | 3,290.00 | | | | |
| 01/08 | 0218654 - IN | 05/31/08 | | .00 | 3,290.00 | | 3,290.00 | | | | |
| 01/08 | 0218656 - IN | 05/31/08 | | .00 | 3,290.00 | | 3,290.00 | | | | |
| 01/08 | 0218658 - IN | 05/31/08 | | .00 | 3,290.00 | | 3,290.00 | | | | |
| 01/08 | 0218678 - IN | 05/31/08 | | .00 | 195.00 | | 195.00 | | | | |
| 01/08 | 0218679 - IN | 05/31/08 | | .00 | 195.00 | | 195.00 | | | | |
| 01/08 | 0218680 - IN | 05/31/08 | | .00 | 195.00 | | 195.00 | | | | |
| 01/08 | 0218681 - IN | 05/31/08 | | .00 | 195.00 | | 195.00 | | | | |
| 01/08 | 0218682 - IN | 05/31/08 | | .00 | 720.00 | | 720.00 | | | | |
| 01/08 | 0218683 - IN | 05/31/08 | | .00 | 875.00 | | 875.00 | | | | |
| 01/08 | 0218686 - IN | 05/31/08 | | .00 | 16,045.00 | | 16,045.00 | | | | |
| 01/08 | 0218687 - IN | 05/31/08 | | .00 | 10,170.00 | | 10,170.00 | | | | |
| 02/08 | 0218850 - IN | 06/01/08 | | .00 | 3,520.00 | 3,520.00 | | | | | |
| 02/08 | 0218851 - IN | 06/01/08 | | .00 | 5,420.00 | 5,420.00 | | | | | |
| 02/08 | 0218852 - IN | 06/01/08 | | .00 | 4,330.00 | 4,330.00 | | | | | |
| 02/08 | 0218853 - IN | 06/01/08 | | .00 | 4,980.00 | 4,980.00 | | | | | |
| 02/08 | 0218854 - IN | 06/01/08 | | .00 | 5,800.00 | 5,800.00 | | | | | |
| 02/08 | 0218855 - IN | 06/01/08 | | .00 | 4,670.00 | 4,670.00 | | | | | |
| 02/08 | 0218856 - IN | 06/01/08 | | .00 | 3,715.00 | 3,715.00 | | | | | |
| 02/08 | 0218857 - IN | 06/01/08 | | .00 | 10,500.00 | 10,500.00 | | | | | |
| 02/08 | 0218858 - IN | 06/01/08 | | .00 | 10,955.00 | 10,955.00 | | | | | |
| 02/08 | 0218859 - IN | 06/01/08 | | .00 | 7,710.00 | 7,710.00 | | | | | |
| 02/08 | 0218860 - IN | 06/01/08 | | .00 | 2,340.00 | 2,340.00 | | | | | |
| 02/08 | 0218861 - IN | 06/01/08 | | .00 | 117.00 | 117.00 | | | | | |
| 07/08 | 0219311 - IN | 06/06/08 | | .00 | 26.97 | 26.97 | | | | | |
| 09/08 | 0219822 - IN | 05/24/08 | | .00 | 85.08 | 85.08 | | | | | 7 |
| 09/08 | 0219823 - IN | 05/24/08 | | .00 | 30.53 | 30.53 | | | | | 7 |
| 14/08 | 0220434 - IN | 05/29/08 | | .00 | 565.96 | 565.96 | | | | | 2 |
| 14/08 | 0220543 - IN | 06/13/08 | | .00 | 595.00 | 595.00 | | | | | |
| 20/08 | 0221134 - IN | 06/19/08 | | .00 | 8.94 | 8.94 | | | | | |
| ***** ON CREDIT HOLD ***** | | | | | | | | | | | |
| | CUSTOMER MAST PL TOTALS: | | | .00 | 295,813.62 | 65,369.48 | 230,444.14 | .00 | .00 | .00 | |
| | DIVISION 00 TOTALS: | | | .00 | 295,813.62 | 65,369.48 | 230,444.14 | .00 | .00 | .00 | |
| | NUMBER OF CUSTOMERS: | | 1 | | | | | | | | |

EXHIBIT A

System Date: 06/02/2008 / 1:39 pm     Page:

ACCOUNTS RECEIVABLE AGED INVOICE REPORT

*ALL OPEN INVOICES - AGED AS OF: 05/31/0*

DIVISION NO:  00  NON RETAIL

| CUSTOMER/ INV DATE | INVOICE NO | INVOICE DUE DATE | DISCOUNT DUE DATE | DISCOUNT AMOUNT | BALANCE | CURRENT | 30 DAYS | 60 DAYS | 90 DAYS | 120 DAYS | DAYS DEL |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | REPORT TOTALS: | .00 | 295,813.62 | 65,369.48 | 230,444.14 | .00 | .00 | .00 | |
| | | NUMBER OF CUSTOMERS: | 1 | | | | | | | | |

System Date: 06/02/2008 / 1:39 pm

DIVISION NO:　90　WARRANTY

| CUSTOMER/ INV DATE | INVOICE NO | INVOICE DUE DATE | DISCOUNT DUE DATE | DISCOUNT AMOUNT | BALANCE | CURRENT | 30 DAYS | 60 DAYS | 90 DAYS | 120 DAYS | DAYS DEL |
|---|---|---|---|---|---|---|---|---|---|---|---|
| MASTER | Master Pool & Spa of MN | | | CONTACT: Ross Ericson | | PHONE: 952-543-0220 | EXT: | | | | |
| 05/03/08 | 0214839 -IN | 05/03/08 | | .00 | 409.46 | | 409.46 | | | | 28 |
| 05/09/08 | 0215345 -IN | 05/09/08 | | .00 | 40.65 | | 40.65 | | | | 22 |
| 05/10/08 | 0215670 -IN | 05/10/08 | | .00 | 27.54 | | 27.54 | | | | 21 |
| 05/14/08 | 0215971 -IN | 05/14/08 | | .00 | 11.76 | | 11.76 | | | | 17 |
| 05/14/08 | 0215972 -IN | 05/14/08 | | .00 | 584.20 | | 584.20 | | | | 17 |
| 05/15/08 | 0216101 -IN | 05/15/08 | | .00 | 573.10 | | 573.10 | | | | 16 |
| 05/17/08 | 0216570 -IN | 05/17/08 | | .00 | 102.00 | | 102.00 | | | | 14 |
| 05/17/08 | 0216572 -IN | 05/17/08 | | .00 | 2,010.30 | | 2,010.30 | | | | 14 |
| 05/21/08 | 0216798 -IN | 05/21/08 | | .00 | 110.98 | | 110.98 | | | | 10 |
| 05/21/08 | 0216975 -IN | 05/21/08 | | .00 | 21.38 | | 21.38 | | | | 10 |
| 05/21/08 | 0216976 -IN | 05/21/08 | | .00 | 374.62 | | 374.62 | | | | 10 |
| 05/23/08 | 0217058 -IN | 05/23/08 | | .00 | 212.03 | | 212.03 | | | | 8 |
| 05/23/08 | 0217092 -IN | 05/23/08 | | .00 | 4.31 | | 4.31 | | | | 8 |
| 05/23/08 | 0217093 -IN | 05/23/08 | | .00 | 291.45 | | 291.45 | | | | 8 |
| 05/25/08 | 0217530 -IN | 05/25/08 | | .00 | 984.00 | | 984.00 | | | | 6 |
| 05/28/08 | 0217841 -IN | 05/28/08 | | .00 | 13.77 | | 13.77 | | | | 3 |
| 05/28/08 | 0217842 -IN | 05/28/08 | | .00 | 14.27 | | 14.27 | | | | 3 |
| 05/30/08 | 0218413 -IN | 05/30/08 | | .00 | 318.00 | | 318.00 | | | | 1 |
| 05/30/08 | 0218416 -IN | 05/30/08 | | .00 | 18.66 | | 18.66 | | | | 1 |
| 06/01/08 | 0218736 -IN | 05/31/08 | | .00 | 17.40 | | 17.40 | | | | |
| 06/02/08 | 0218827 -IN | 05/17/08 | | .00 | 123.36 | 123.36 | | | | | 14 |
| 06/05/08 | 0218925 -IN | 06/04/08 | | .00 | 199.87 | 199.87 | | | | | |
| 06/06/08 | 0219026 -IN | 06/05/08 | | .00 | 66.00 | 66.00 | | | | | |
| 06/07/08 | 0219310 -IN | 06/06/08 | | .00 | 358.69 | 358.69 | | | | | |
| 06/12/08 | 0219911 -IN | 06/11/08 | | .00 | 1,637.76 | 1,637.76 | | | | | |
| 06/15/08 | 0220664 -IN | 06/14/08 | | .00 | 334.20 | 334.20 | | | | | |
| 06/20/08 | 0221135 -IN | 06/19/08 | | .00 | 546.13 | 546.13 | | | | | |
| 06/23/08 | 0221558 -IN | 06/22/08 | | .00 | 450.45 | 450.45 | | | | | |
| 06/23/08 | 0221576 -IN | 06/22/08 | | .00 | 1.59 | 1.59 | | | | | |
| 06/27/08 | 0221760 -IN | 06/26/08 | | .00 | 28.32 | 28.32 | | | | | |
| 06/27/08 | 0221761 -IN | 06/26/08 | | .00 | 24.00 | 24.00 | | | | | |
| ***** ON CREDIT HOLD ***** | | | | | | | | | | | |
| | | CUSTOMER MASTER TOTALS: | | .00 | 9,910.25 | 3,770.37 | 6,139.88 | .00 | .00 | .00 | |
| | | DIVISION 90 TOTALS: | | .00 | 9,910.25 | 3,770.37 | 6,139.88 | .00 | .00 | .00 | |
| | NUMBER OF CUSTOMERS: | | 1 | | | | | | | | |
| | | REPORT TOTALS: | | .00 | 9,910.25 | 3,770.37 | 6,139.88 | .00 | .00 | .00 | |
| | NUMBER OF CUSTOMERS: | | 1 | | | | | | | | |

## MASTERSPAS, INC.
## PERSONAL GUARANTY AGREEMENT

THIS AGREEMENT made and delivered on the  28  day of  MARCH , 2005, between MasterSpas, Inc., an Indiana corporation with its principal place of business located at 6727 Lincoln Parkway, Fort Wayne 46804 (hereinafter known as "MasterSpas") and   ROSS ERICKSON   (hereinafter known as "Guarantor" or "Guarantors" if more than one).

In order to induce MasterSpas to extend credit to   MASTER POOL & SPA  ,
(Dealer's Name)

(hereinafter known as "Dealer") the undersigned Guarantor(s) (jointly and severally, if more than one) does hereby guarantee to MasterSpas the full, prompt, and unconditional performance of every term and condition of any transaction or obligation to be performed by the Dealer. The Guarantor(s) further guarantees the prompt and full payment when due or declared due of all accounts payable by the Dealer which may now or at any time hereafter be or become owing and due, by the Dealer to MasterSpas. The Guarantor hereby assumes primary liability for all accounts payable, and debts of the Dealer to MasterSpas, jointly and severally with said Dealer. This guarantee of the obligations of the Dealer hereunder shall be absolute, unconditional, and continuing as to each Guarantor and his/her estate and it shall be binding on the heirs, executors, administrators, and assigns of each Guarantor, respectively. The death of any Guarantor or the termination of this guaranty by or on behalf of any Guarantor shall not terminate the liability of each such Guarantor or his/her estate until written notice thereof has been received by MasterSpas, and all indebtedness, liability, and obligations of the Dealer created or assumed prior to the receipt of such notice shall be deemed to be continuing obligations guaranteed under the agreement, until any such indebtedness, liability and obligations hall be paid in full or performed.

MasterSpas shall have the full right, in its sole discretion and without any notice to or consent from any Guarantor, from time to time and at any time, and without affecting, impairing, or discharging, in whole or in part, the liability of any Guarantor hereunder:

A. To make any change, amendment or modification whatsoever of any term or condition of any transaction or debt including rates of charge or interest with respect thereto;
B. To extend in whole or in part, by renewal or otherwise, and on one of any number of occasion, the time for the payment of any debt or the performance of any term or condition of any transaction;
C. To settle, compromise, release, surrender, modify or impair, and to enforce or exercise any claims, rights, or remedies of any kind or nature against the Dealer or any other Guarantor of the Dealer's debts, transactions, or obligations.

MasterSpas shall be under no obligation to proceed against the Dealer or against any other Guarantor, or against any collateral security given by the Guarantor, the Dealer, or any other party, which MasterSpas may hold before proceeding against a Guarantor hereunder.

The undersigned Guarantors agree to be personally liable for all debts, obligations and accounts payable owed by the Dealer to MasterSpas, and agree to reimburse MasterSpas for all costs, including reasonable attorneys fees incurred, and all costs of collection.

Page 1 of 2

EXHIBIT B

The Guarantors waive notice of the acceptance of this guaranty by MasterSpas; notice of presentment, demand for payment, nonpayment and protest of any obligation by the Dealer, or any obligation of any other party which MasterSpas may hold as collateral for security for the Dealer's debts; notice of any default by the Dealer; or of any debt of the Dealer or of any debt which MasterSpas may hold as collateral security for the Dealer's debts. The Guarantors waive all defenses, set-offs, or counterclaims which the Guarantors or the Dealer may at any time have to any debt or transaction between MasterSpas and the Dealer.

The parties agree that this agreement may be transmitted by them for execution by electronic facsimile transmission. The parties intend that facsimile signatures on this Agreement shall be binding. This Agreement shall be governed by and construed in accordance with the substantive laws (other than conflict laws) of the State of Indiana. MasterSpas, and each Guarantor and his/her estate, hereby consents to the personal jurisdiction of the state and federal courts located in the State of Indiana in connection with any controversy related to this Personal Guaranty Agreement; waives any argument that venue in any such form is not convenient; agrees that any litigation initiated by MasterSpas or any Guarantor in connection with this Personal Guaranty Agreement shall be venued in either the State Courts of Allen County, Indiana, or the United States District Court for the Northern District of Indiana, Fort Wayne Division; and agrees that a final judgment in any such suit, action or proceeding shall be conclusive and may be enforced in other jurisdictions by suit on the judgment or in any other manner provided by law.

Each Guarantor consents and authorizes MasterSpas to obtain credit information, including credit reports, whenever deemed necessary by MasterSpas.

**Guarantor(s):**

_[signature]_  
Signature

Signature

ROSS ERICKSON  
Printed Name

Printed Name

_[redacted]_  
Social Security Number

Social Security Number


Signature

Signature

Printed Name

Printed Name

Social Security Number

Social Security Number

F:\MasterSpas 21,070\Personal Guaranty Agreement.doc

## SECURITY AGREEMENT

This Security Agreement is made the _2 8_ day of _MARCH_, 2005, by and between _MASTER POOL & SPA_, having its principal place of business located at _8415 WAYZATA BLVD. ST LOUIS PARK MN 55426_ ("Dealer"), and Master Spas, Inc., an Indiana corporation having its principal place of business at 6727 Lincoln Parkway, Fort Wayne 46804 ("Secured Party").

To secure the payment of the purchase price of the goods and merchandise heretofore and from time to time hereafter sold or to be sold by the Secured Party to the Dealer, the Secured Party has and claims, and the Dealer hereby grants a purchase money security interest under the Uniform Commercial Code in the goods and merchandise, described below, and all complete with standard attachments and equipment and all acquired in connection with written invoices of the Secured Party to the Dealer, and which sales may also be accompanied by notes, trade acceptances, or any other evidences of indebtedness of the Dealer to the Secured Party.

<u>Purchase Money Collateral</u>:

The goods and merchandise subject to the Purchase Money security interest hereinabove provided, or which may become subject thereto, are: spas and related products manufactured or distributed by Secured Party.

<u>General Collateral</u>:

In addition, Dealer grants to Secured Party a continuing general security interest in all personal property of Dealer, wherever located, including but not limited to: accounts receivable, cash, inventory and equipment, including all proceeds thereof to secure the timely payment and performance of all obligations of Dealer to MasterSpas, present and future.

<u>Warranties and Covenants</u>:

1) The Dealer agrees to hold the goods, merchandise and other collateral in trust for the Secured Party as its property, for the sole purpose of selling or exchanging the goods and merchandise. The Dealer further agrees not to operate, use or demonstrate any of the goods and merchandise without the written consent of the Secured Party, nor will the Dealer lend, rent, mortgage, pledge or encumber the goods, merchandise and general collateral, but will keep it properly housed and free from all claims and taxes, or other encumbrances, and will pay all costs, expenses and disbursements, incurred by the Secured Party in protecting its security interest in the goods and merchandise.

2) The Dealer shall have the right to sell the goods and merchandise; and immediately after any sale the Dealer will deliver to the Secured Party from the proceeds thereof, the payment of the invoice covering the goods and merchandise, whether the invoice is due or not due. A security interest in the proceeds of any such sale or other disposition of the goods shall vest in the Secured Party.

3) The Dealer also agrees to keep the goods and merchandise, and the proceeds from the sales thereof, separate and capable of identification, as the property of the Secured Party, to

Page 1 of 4

EXHIBIT C

make entries in its books showing that the property is held for the account of the Secured Party, to report to the Secured Party the consummation of any sale immediately after it is made, and to furnish the Secured Party on demand a true and complete report of the Dealer's sales for any period of time stated by the Secured Party.

4) The Dealer agrees to keep the goods and merchandise fully insured at its expense against such risks as the Secured Party may request, the insurance policies to be satisfactory to the Secured Party, and payable to the Secured Party as its interest may appear, and to be delivered to it promptly on demand. Dealer shall be responsible for all inventory tax associated with the goods and merchandise.

5) The Dealer agrees not to remove any of the goods and merchandise subject to this Security Agreement from the Dealer's premises, wherever located, without the written consent of the Secured Party, except for purpose of sale and subject to the provisions and conditions herein provided.

6) The Dealer agrees that it will not apply to its creditors for an extension, nor make an assignment for the benefit of creditors, nor seek the appointment of a receiver or trustee of any kind over its property, nor file a petition in bankruptcy, nor fail to discharge a judgment of record against it within five (5) days of entry, nor fail to report promptly to the Secured Party any merchandise dispute with its customers or claim arising out of goods or merchandise sold, and further, that the insolvency or involuntary bankruptcy of the Dealer shall constitute a default under this security agreement.

7) The Dealer will not change the location of the goods, merchandise or general collateral without obtaining MasterSpas prior written consent.

No Waiver:

The Dealer agrees that any extension, release, waiver or other indulgence of any character whatsoever may be granted by the Secured Party with respect to the sums and indebtedness secured by this agreement, or with respect to any sums and indebtedness evidenced by notes, trade acceptances, or other evidences of indebtedness of the Dealer to the Secured Party, and any such extension, release, waiver or other indulgence, or any failure by the Secured Party to exercise any rights or privileges hereunder, shall in no way affect or impair the rights of the Secured Party or its security interest as herein provided, or Dealer's liability hereunder.

Title to Goods and Merchandise:

The Dealer shall become the owner of the goods and merchandise delivered to Dealer under this Agreement. Upon sale of the goods and merchandise in the ordinary course of business, title to the proceeds shall vest in the Secured Party.

Cancellation:

The Secured Party may at any time cancel this agreement and shall have the right to accelerate the maturity of any indebtedness hereunder, including invoices, notes, trade acceptances, or other evidences of indebtedness if, its sole discretion, it deems itself insecure. If the Secured

Party cancels this Agreement, it shall have the right to take possession of the goods and merchandise, or such part thereof, as remains in Dealer's possession, and any and all proceeds of such goods and merchandise as have been sold, wherever and in whatever form they may be; and for purposes of repossession, the Second Party, or its representatives, may enter any premises without legal process, and the Dealer hereby waives and releases the Secured Party of, and from, any and all claims in connection therewith or arising therefrom. The Dealer agrees, upon the cancellation of this Agreement, to assemble the goods and merchandise and make them available to the Secured Party at a place reasonably convenient to both parties.

Default and Remedies:

1) An event of default shall occur hereunder if: the Dealer shall fail to maintain insurance as required by this Agreement; or Dealer shall become insolvent or make an assignment for the benefit of creditors or consent to an appointment of a trustee or receiver; or a trustee or receiver is appointed for Dealer; or Dealer liquidates, dissolves, or enters into a consolidation agreement or merger with another entity; or if Dealer fails to make immediate payment of any and all sums due to the Secured Party; or in the event of any other breach or default by the Dealer hereunder. In the event of default, the Secured Party shall have the right to take possession of the goods, merchandise and general collateral, or such part thereof, as remains in Dealer's possession, and any and all proceeds of such goods, merchandise and general collateral as have been sold, wherever and in whatever form they may be; and for purposes of repossession, the Second Party, or its representatives, may enter any premises without legal process, and the Dealer hereby waives and releases the Secured Party of, and from, any and all claims in connection therewith or arising therefrom. The Dealer agrees, upon demand of the Secured Party, to assemble the goods, merchandise and general collateral and make them available to the Secured Party at a place reasonably convenient to both parties. Any parts, equipment, or accessories placed upon or attached to any of the goods and merchandise shall become component parts thereof and shall inure to the benefit of the Secured Party.

2) Upon default in the payment when due of any invoice or invoices covering merchandise subject to this agreement, or if any default shall occur in the observance or performance of any of Dealer's agreements, covenants or warranties herein contained, or if such default shall be declared at the option of the Secured Party, the Secured Party shall have the right (a) to foreclose the security interest by any available judicial procedure, or (b) to take possession of the goods, merchandise and general collateral, (c) and to prepare or process the goods and merchandise for disposition or sale. The Dealer shall remain liable for any deficiency between the unpaid amount due under this agreement and the proceeds of such sale or foreclosure.

Law And Judicial Forum That Apply:

This agreement is delivered in the State of Indiana and governed by Indiana law. The Dealer agrees that any legal action or proceeding against it with respect to any of its obligations under this Agreement may be brought in the state or federal court located in Allen County, State of Indiana, as the Secured Party in its sole discretion may elect. By the execution and delivery of this Agreement, the Dealer submits to and accepts, with regard to any such action or proceeding, for itself and in respect of its property, generally and unconditionally, the jurisdiction of those courts. The Dealer waives any claim that the State of Indiana is not a convenient forum or the proper venue for any such suit, action or proceeding.

Attorney's Fees:

The Dealer agrees that, in the event any legal action is necessary by the Secured Party to recover possession of the goods, merchandise and general collateral covered by this agreement or any proceeds from the sales thereof, or to recover any sums due the Secured Party hereunder or under any promissory note(s), trade acceptance(s) or invoice(s), there shall be reasonable attorney's fees added to the sums due from Dealer to the Secured Party, together with all costs of suit.

Waiver Of Jury Trial:

The Secured Party and the Dealer, after consulting or having had the opportunity to consult with counsel, knowingly, voluntarily and intentionally waive any right either of them may have to a trial by jury in any litigation based upon or arising out of this agreement or any related instrument or agreement, or any of the transactions contemplated by this agreement, or any course of conduct, dealing, statements (whether oral or written), or actions of either of them. Neither the Secured Party nor the Dealer shall seek to consolidate, by counterclaim or otherwise, any action in which a jury trial has been waived with any other action in which a jury trial cannot be or has not been waived. These provisions shall not be deemed to have been modified in any respect or relinquished by either the Secured Party or the Dealer except by a written instrument executed by both of them.

Miscellaneous:

1) The Dealer hereby authorizes the Secured Party to file one or more financing statements relating to the security interest created by this Agreement. The Dealer hereby authorizes the Secured Party, instead of the Dealer, to sign such financing statements.

2) The Secured Party shall have all the rights of a secured party under the Uniform Commercial Code in the goods and merchandise; and, in addition, shall have all the rights specified herein.

3) If this agreement is to be signed by two or more parties as Dealer, it shall be the joint and several obligation of such parties.

4) If any provision of this agreement is invalid, it shall be ineffective only to the extent of its invalidity, and the remaining provisions shall be valid and effective.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the day, month, and year first above written.

3/29/05

MASTER SPAS, INC.

By: _____

By: _____

Its: __PRES__
("Dealer")

Its: __Vice presdent__
("Secured Party")

F:\MasterSpas 21,070\Security Agreement.doc